## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

| | |
|---|---|
| LAVERNE WILBOURN, INDIVIDUALLY, AND AS MOTHER AND NEXT FRIEND OF THE MINOR, TRACY WILBOURN | **PLAINTIFFS** |
| VS | CAUSE NO. 3:14-CV-241-MPM-SAA |
| PANOLA COUNTY, MISSISSIPPI, BY AND THROUGH ITS BOARD OF SUPERVISORS; PANOLA COUNTY SHERIFF, DENNIS DARBY, IN HIS INDIVIDUAL CAPACITY AND JOHN DOES 1-10 | **DEFENDANTS** |

## COMPLAINT
## TRIAL BY JURY

COMES NOW Plaintiffs, Laverne Wilbourn, Individually, and As Mother and Next Friend of the Minor, Tracy Wilbourn, by and through undersigned counsel, and files this Complaint against named Defendants above and unknown Defendants in this action, and in support thereof alleges as follows:

### PARTIES

1. Plaintiff Laverne Wilbourn is an adult resident citizen of Panola County, Mississippi, residing at 1018 Smart Road, Como, Mississippi. Plaintiff Tracy Wilbourn is a minor resident citizen of Panola County, Mississippi, residing with his mother at 1018 Smart Road, Como, Mississippi.

2. Defendant Panola County is a political subdivision of the State of Mississippi and may be served with process by effecting the same upon the Chancery Clerk for Panola County, Mississippi, Jim Pitcock, at the Panola Courthouse, 151 Public Square #A, Batesville, Mississippi. The Panola County Mississippi Sheriff Department is a political subdivision of Panola County, Mississippi. At all times relevant, the Sheriff of Panola County MS and Deputies

referenced herein, were elected officials and /or employed as sworn law enforcement officers for the County, and Panola County, Mississippi Sheriff's Department. Said Sheriff and Deputies, were there and then acting within the scope and authority of their employment and office.

3. Defendant Panola County Sheriff, Dennis Darby, individually, is an adult resident citizen of Panola County, Mississippi, and at all times herein the duly elected Sheriff of Panola County, Mississippi, and may be served with process personally or through his duly authorized designee at the Panola County Sheriff's Department, or 151 Public Square # A, Batesville, Mississippi.

4. Defendants John and Jane Does 1-10, whose identities are unknown to the Plaintiffs at this time, are upon information and belief, deputies of the Panola County Sheriff's Department. All allegations and claims asserted herein against the named Defendants are incorporated herein by reference against John and Jane Does 1-10. Said John and Jane Does 1-10 when their identities are known, will be named and joined in this action, if necessary, pursuant to the Mississippi Rules of Civil Procedure.

## JURISDICTION

5. The Plaintiffs herein invoke this Court's federal question jurisdiction pursuant to 28 United States Code §§ 1331 and 1343 to obtain a judgment for the costs of suit, including reasonable attorneys' fees, and damages suffered and sustained by Plaintiffs, and caused by the blatant violation of the rights, privileges and immunities of the Plaintiffs as guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal Statutes, more particularly, 42 United States Code §§ 1983 and 1985(3).

## VENUE

Venue is proper in this jurisdiction and district pursuant to 28 United States Code§§ 1391 (b) in that the alleged acts and omissions of the Defendant occurred exclusively within the territorial limits of this judicial district and division.

## FACTS

6. On the afternoon of November 14, 2013, in Como, Mississippi, at the Como Apartments, two men got into a physical and verbal altercation. One of the men got a gun and fired it, striking Plaintiff, Tracy Wilbourn, who was not involved in the skirmish, with a grazing shot to his right leg, and hitting another man in the back of his leg near his ankle. The shooter dropped his gun, and ran from the scene. Plaintiff, Tracy Wilbourn, then retrieved the discarded gun, and took it to the Como Police. Finding the police station closed, Plaintiff, Tracy Wilbourn called Assistant Chief of the Como Police Department, Faye Pettis, to turn over the gun and provide a statement as to what had happened.

7. Chief Pettis instructed Tracy Wilbourn to return to the Como Apartments and told him she would meet him there. When Plaintiff, Tracy Wilbourn, made it back to the apartment complex, Assistant Chief Pettis, Earl Burdette, Chief of Police for the Como Police Department, Heath Farish of the Mississippi Bureau of Investigation were present along with a number of Panola County, Mississippi Sheriff deputies. The sheriff deputies were approximately 20 yards away from the scene of the shooting. Chief Burdette asked Plaintiff, Tracy Wilbourn's mother, Laverne Wilbourn, if he could speak with him alone at the Como Police Station, and she replied, yes. Chief Burdette and the minor Plaintiff then got into his police car. Plaintiff, Tracy Wilbourn, was seated in front seat as they started to leave, when Sheriff Dennis Darby came from behind the police vehicle, opened the front passenger door, grabbed the minor Plaintiff by

the shirt, stating that, "this is my witness, "and attempted to pull said Plaintiff out of the patrol car, whereupon, Chief Burdette pulled off causing the Sheriff to lose his grip.

8. Chief Burdette and the minor Plaintiff Tracy Wilbourn then went to the Como Police Station and entered the back room. Chief Burdette began to question Plaintiff about the shooting incident, when someone began knocking on the back door. Chief Burdette went to answer the door, the minor Plaintiff could hear a man telling Chief Burdette to give him his witness, and Chief Burdette responded, saying that the minor Plaintiff's mother had given him permission to take Plaintiff with him. The minor Plaintiff then heard a lot of commotion and the man, a white male Panola County Sherriff's deputy, and Chief Burdette entered the room. A white female Sheriff's deputy entered the room behind them. The deputy and Chief Burdette began talking about the minor Plaintiff. The female deputy tried to persuade the minor Plaintiff to come with her. The minor Plaintiff responded by telling the deputy that he did not want to go with her. Then, three or four more deputies entered the room, along with Plaintiff, Tracy Wilbourn's mother, Laverne Wilbourn, her six month old god child, and her 15 year old son. Sheriff Dennis Darby, and Assistant Chief Faye Pettis also entered the room.

9. Shortly thereafter, Sheriff Darby demanded that the minor Plaintiff, Tracy Wilbourn, who at that time was not under arrest, nor a suspect, but only there as a cooperating witness, be turned over to him. When Chief Burdette refused, Sheriff Darby became enraged, and used a string of profanity directed at Chief Burdette. In the heat of the exchange, Sheriff Darby, and his deputies forcibly pushed Chief Burdette onto a table, where, Sheriff Darby and a number of his deputies hit and pounded him in his chest and about his body. Assistant Chief Pettis attempted to pull Sheriff Darby and his deputies off of Chief Burdette, but to no avail. Sheriff Darby continued his assault, as other deputies jumped in. One deputy, Emmerly Griffin,

jumped up on the desk and began to stump Chief Burdette with her foot. Sheriff Darby, during the siege of the Como Police Station, took, Chief Burdette's holstered gun by tearing it off of his waist as he was forcibly held on the desk, and in full assault by the Sheriff's deputies.

10. Plaintiffs, Tracy Wilbourn and Laverne Wilbourn, along with her 15 year old son and god child, fearful of serious bodily harm because of the violent acts being carried out in the Como Police Station, attempted to leave the building, but were prevented from doing so by the Panola Sheriff's deputies.

11. Plaintiffs, Tracy Wilbourn and Laverne Wilbourn, along with her 15 year old son and god child, were forced to remain in the Como Police Station against their will, and to bear witness to violent acts being perpetrated for what seemed like an eternity. In the midst of the violence and chaos, and while Sheriff Darby and his deputies' attention and efforts were diverted to their mission of hostile conflict with Chief Burdette and Assistant Chief Pettis, Plaintiffs, the 15 year old minor, and six (6) month old child, made their escape out of the building's back door and to a large tree stationed directly behind the building. Behind it they hid for some five minutes until they could safely leave.

12. Plaintiffs, without being charged with an offense, were ordered to remain in the Como Police Station against their will by Sheriff Darby and his deputies.

13. Plaintiffs were held by Panola County, Mississippi deputies against their will before making their escape. No criminal charges were filed against Plaintiffs.

14. The detention, confining, and holding of Plaintiffs against their will was a violation of statutorily created and constitutionally protected rights, and constitutes the torts of false imprisonment, intentional inflection of emotional distress, negligent inflection of emotional distress.

15. Defendant Darby and other unknown Deputies with the Panola County Sheriff's Department, at all times relevant were acting under color of state law and intentionally or with deliberate indifference and callous disregard of Plaintiffs' federal protected right.

16. The Panola County Deputies' unlawful detention and imprisonment of Plaintiffs was the result of the policy, practice and custom of Sheriff Darby, and the Sheriff's Department of Panola County, Mississippi. In addition, Defendant Panola County's Deputies' unlawful detention and imprisonment of Plaintiffs was the result of the policy, practice and custom of Sheriff Darby and the Sheriff Department of Panola County, Mississippi to inadequately supervise and discipline its law enforcement officers. The inadequate supervision and discipline of law enforcement officers by the Sheriff and Sheriff Department of Panola County, Mississippi has led to the unlawful detention and imprisonment of Plaintiffs.

17. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs have suffered physical, emotional and mental injuries, all of which entitles them to damages and relief under 42 U.S.C. § 1983.

## COUNT 1
## ACTION FOR DEPRAVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

18. The Plaintiffs hereby incorporate by reference and re-alleges the information set forth in paragraph 1-17, supra. The Plaintiffs make the following allegations in Count 1 with respect to all Defendants.

19. At all times material hereto, the Defendants, both named and unnamed, were vested with authority and the non-delegable duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, these Defendants commenced to engage in a course of conduct and to implement a policy, custom, usage, plan, practice, and/or design wherein the rights, privileges,

6

and immunities of Plaintiff were violated. Specifically these Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of Plaintiffs':

    a)      right to the equal protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provision of the Constitution of the State of Mississippi;

    b)      right to notice of accusations pursuant specifically to the Sixth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 26 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law;

    c)      right against unreasonable seizure pursuant specifically to the Fourth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 23 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law;

    d)      right to procedural and substantive due process of the law specifically pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 14 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law; and

    e)      right to be free from cruel and unusual punishment pursuant specifically to the Eight and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 28 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law.

    20.      The violations complained in this Complaint for depravation of identifiable civil rights of Plaintiffs, include, but are not limited to, wanton, and/or negligent unlawful detention, imprisonment, and other acts and/or omissions by these Defendants, both named and unnamed, to inflict pain, humiliation, and/or injury upon Plaintiffs, with deliberate indifference to the

immediate, grave, and serious violations of Plaintiffs' rights, all of which caused or contributed to the unjustified deprivation of Plaintiffs' sacred rights to liberty and freedom. Additionally, these Defendants, both named and unnamed, failed to adequately train, or hire properly trained deputies, all of which caused or contributed to the unjustified deprivation of Plaintiffs' sacred right to liberty.

## SHERIFF DENNIS DARBY, PANOLA COUNTY, MISSISSIPPI
## SHERIFF DEPARTMENT AND PANOLA COUNTY, MISSISSIPPI

21. These Defendants bear a duty to exercise reasonable care in the hiring, training and supervision of their sworn officers. This duty includes a responsibility to train, and provide adequate funds for such training of the officers, to properly monitor them, observe and report the deprivation of constitutional rights of individuals in custody to the proper legal authorities.

22. Defendants, Sheriff Dennis Darby, Panola County, Mississippi, and its Sheriff's Department, jointly and severally, breached each of these duties for failing to provide property training to their officers, by failing to have appropriate procedures and protocols in place to ensure adequate protection of civil rights, and by failing to supervise said officers. These breaches directly and proximately resulted in the harms and damages alleged herein.

23. At all times material hereto, all Defendants, named and unnamed, and their agents, representatives, and employees acted pursuant to policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of Defendants Sheriff Dennis Darby, the Panola County, Mississippi, and its Sheriff Department, and their agents, representatives, and employees.

24. As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such Defendants conspired to deprive Plaintiffs of certain rights guaranteed by

8

the Constitution of the United States and the Constitution of the State of Mississippi, Plaintiffs experienced pain, suffering, humiliation, degradation, and severe emotional and mental anguish and distress. Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Plaintiffs' constitutional rights as outlined herein.

## COUNT II
### ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)

25. Plaintiffs hereby incorporate by reference and re-allege the information set forth in paragraph 1, supra.

26. At all times material hereto, all Defendants named and unnamed, and their agents, representatives, and employees did conspire to deprive the Plaintiffs, of the rights, privileges, and immunities guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi. Specifically, these Defendants, conspired as outlined in preceding paragraphs of this Complaint engage in a course of conduct that resulted in the violation of Plaintiffs' rights as outlined herein above.

27. As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such Defendants conspired to deprive Plaintiffs of certain rights guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi, Plaintiffs experienced pain, suffering, humiliation, degradation, and severe emotional and mental anguish and distress. Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Plaintiffs' constitutional rights as outlined herein.

### PRAYER FOR RELIEF

28. WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that upon the filing of this Complaint that this Honorable Court will set this matter for a full and complete trial

by jury on the merits and upon completion of the same, enter a judgment granting the following relief:

  a.  enter a judgment in favor of the Plaintiffs and against all Defendants, jointly and severally, for the actual or compensatory damages sustained by the Plaintiffs, pursuant to 42 United States Code sections 1983 and 1985, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and the corresponding sections of the Constitution of and Code of the State of Mississippi, from which the Defendants did cause the unlawful, imprisonment, infliction of suffering and emotional distress, mental anguish, degradation, humiliation, and any other injury claims that may be discovered during the course of this cause which the law holds the Defendants liable and responsible in an amount to be determined by a jury, but not less than $1,500,000.00;

  b.  enter a judgment in favor of the Plaintiffs and against the Defendants, and OTHER UNKNOWN JOHN and JANE DOES 1-10, Individually, jointly and severally, for punitive or exemplary damages, for the outrageous, willful, wanton and intentional conduct that resulted in gross or reckless indifference to the welfare, safety, rights, privileges, and/or immunities of the Plaintiffs, in the amount to be determined by a jury, but not less than $1,500,000.00;

  c.  enter a judgment against all Defendants, jointly and severally, for the Plaintiff's reasonable attorney's fees pursuant to 42 United States section 1988, all costs of this action and related litigation expenses and expert fees; and

  d.  enter a judgment in favor of the Plaintiffs and against Defendants, jointly and severally, for such other relief, general or specific, as the Court may deem appropriate, just, and equitable in the premises.

Respectfully submitted, this the 10th day of November, 2014.

                                             LAVERNE WILBOURN, INDIVIDUALLY
                                             AND AS MOTHER AND NEXT FRIEND OF
                                             THE MINOR, TRACY WILBOURN,
                                             PLAINTIFFS

BY:    */s/ Edward Blackmon, Jr.*
                                             EDWARD BLACKMON, JR., MSB #3354
                                             *Attorney for Plaintiff*

OF COUNSEL:

Janessa E. Blackmon, Esq.
Bradford J. Blackmon, Esq.
BLACKMON & BLACKMON, PLLC
907 West Peace Street
Post Office Drawer 105
Canton, Mississippi 39046
Telephone: 601-859-1567
Facsimile: 601-859-2311

Z:\oldFiles\PERSONAL.INJ\Earl Burdett\Laverne Wilbourn v. Panola County\Complaint of Wilbourn 11.10.14.docx