## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**LAVERNE WILBOURN, INDIVIDUALLY,**                           **PLAINTIFFS**
**AND AS MOTHER AND NEXT FRIEND OF**
**THE MINOR, TRACY WILBOURN**

**v.**                                      **CIVIL ACTION NO.:3:14 CV-241-MPM-SAA**

**PANOLA COUNTY, MISSISSIPPI, BY**
**AND THROUGH ITS BOARD OF SUPERVISORS;**
**PANOLA COUNTY SHERIFF, DENNIS DARBY,**
**IN HIS INDIVIDUAL CAPACITY AND JOHN DOES 1-10**       **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW COME** Defendants, Panola County, Mississippi, by and through its Board of Supervisors; and Panola County Sheriff, Dennis Darby, in his individual capacity, and files their Answer and Affirmative Defenses to the Complaint filed by the Plaintiffs herein, as follows:

## FIRST AFFIRMATIVE DEFENSE

*(Motion to Dismiss - §1983 Claim)*

The Complaint fails to state a cause of action as to these Defendants for which relief may be granted, including, but not limited to, the defense of qualified immunity as to the individual Defendants herein, named or unnamed. Further, the Complaint fails to state a claim against these Defendants upon which relief may be granted under <u>Monell v. Dept. of Social Services</u>, 436 U.S. 653 (1977). Plaintiffs' Complaint should accordingly be dismissed. Defendants pray for an early determination of this issue in the interest of judicial economy.

## SECOND AFFIRMATIVE DEFENSE

*(Motion to Dismiss State Law Claims)*

To the extent Plaintiffs' Complaint seeks relief under state law, these Defendants invoke

the provisions of the <u>Mississippi Tort Claims Act</u>, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq*. Specifically, Plaintiffs' Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, as no claim under state law is available against a governmental entity or its employees for either: (1) exercise of discretion by sworn law enforcement officers; (2) failure to train, supervise or discipline law enforcement officers; or, (3) arrest and detention of persons engaged in criminal activity. *Miss. Code Ann.* §11-46-9(1)(b),(c),(d),(e),(f),(h),(m) (Supp. 1997). Plaintiffs' individual claims under state law are likewise subject to immunity pursuant to *Miss. Code Ann.* §§11-46-5 and §11-46-7, and common law good faith immunity and public official immunity. Alternatively, Defendants state that there are no material facts which remain at issue as to either Plaintiffs' status or the date of occurrence of the alleged accident, and move for judgment on the pleadings pursuant to Fed. R. Civ. Proc., Rule 12(c). Defendants pray for an early determination of this issue in the interest of judicial economy.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted against any Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' conduct and/or the conduct of third parties not employed by Panola County, Mississippi, was the sole cause of Plaintiffs' alleged injuries and damages, if any; alternately, Plaintiffs' conduct was a proximate cause of the incidents forming the basis of this lawsuit. These Defendants assert the protections of the Mississippi apportionment statute, *Miss. Code Ann.* §85-5-7 (Supp. 2003). To the extent that Plaintiffs suffered injury as a result of the tortious act of one other than these Defendants or as a result of their own fault, either Plaintiffs or the responsible party

should be assessed all or a portion of the responsibility for any injury/damages occasioned thereby based upon the principles of comparative negligence/contributory negligence, and any recovery to which Plaintiffs would otherwise have been entitled must be reduced in accordance therewith.

## FIFTH AFFIRMATIVE DEFENSE

Simply put, a municipal law enforcement officer does not have the legal right to take over a felony criminal investigation from a Mississippi Sheriff within his jurisdiction. The individual Defendants (named and unnamed) in this case are entitled to qualified immunity from Plaintiffs' claims. These individuals were at all times public officials in the course of duties during the incident forming the basis of this lawsuit. Said individuals did not engage in any conduct, which deprived the Plaintiffs of any right, privilege or immunity protected by the Constitution or Laws of the United States. Additionally, said individuals' conduct was objectively reasonable in light of clearly established law at the time of their actions in this matter. These individuals' actions were justified and arguably justifiable in light of the information each possessed and clearly established law. As such, a reasonable officer could have believed their actions lawful during the incident forming the basis of this lawsuit.

## SIXTH AFFIRMATIVE DEFENSE

With respect to Plaintiffs' state law claims, these Defendants claim the protection of the statutory exemptions from liability found in *Miss. Code Ann.* §11-46-9 (1999). Alternatively, these Defendants claim the protection of governmental immunity and/or sovereign immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' official capacity federal constitutional claims are necessarily predicated on the doctrine of *respondeat superior* and are thus barred as a matter of law by reason of the absence of

any proof or allegation of any official policy, custom or practice of the Sheriff of Panola County, Mississippi, that was the moving force behind the alleged injuries of Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' failure to allege violation of any legal duty by any Defendant bars this cause of action.

### NINTH AFFIRMATIVE DEFENSE

To the extent that any personnel acting within the course and scope of their employment with Panola County are alleged to be involved in or responsible for the custody, safety, protection, supervision or care of Plaintiffs at any time, such conduct was at all times objectively reasonable and consistent with clearly established law, and for that reason, Plaintiffs' claims are barred.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to Defendants by reason of the fact that any duty on the part of Defendant officers and agents involved the use of discretion, and at no time did any governmental actor acting on behalf of the Defendants substantially exceed his or her authority, nor was any legally cognizable harm to Plaintiffs caused by or in the course of such exercise of authority and discretion, and Plaintiffs' claims are accordingly barred under the doctrine of public official immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

### TWELFTH AFFIRMATIVE DEFENSE

At no time did any governmental actor acting on behalf of these Defendants breach any duty

that was ministerial in nature, causing any legally cognizable harm to Plaintiffs, and for that reason, Plaintiffs' claims are barred.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs claim fails to state a cognizable basis for relief under the United States Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

The criminal conduct of Plaintiffs and/or criminal acts of a third party constitute the sole proximate cause of any injuries they allegedly sustained and of any damages allegedly resulting therefrom. Moreover, the injuries/damages, if any, of Plaintiffs were not foreseeable to these Defendants, and therefore, Plaintiffs' claims as to these Defendants should be dismissed.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk and the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiffs which was caused by these Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

A governmental entity is only liable under §1983 for injuries caused by its policy or custom. Here, there is no identified policy or custom at issue. The instant claims fail as a matter of law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Punitive damages are not cognizable against Panola County nor the named Defendants in their official capacity under §1983. These Defendants further invoke the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993).

**NINETEENTH AFFIRMATIVE DEFENSE**

These Defendants are not responsible for any condition of the Plaintiffs that pre-existed the events that made the basis of this Complaint.

**TWENTIETH AFFIRMATIVE DEFENSE**

The Plaintiffs are acting at the behest of two disgruntled former employees of the Panola County Sheriff's Department who acted in violation of state law and beyond the authority of municipal police officers. The Panola County Sheriff's Department took the call in question, responded with an approximate investigation and were already engaged in such investigation long before the arrival of Como's Chief Burdette on the scene. Neither Plaintiffs, nor Chief Burdette, possessed any right under either state or federal law to disregard the superior authority of the Office of Panola County Sheriff, to interfere with a felony investigation by and through the Office of the Panola County Sheriff, to verbally and physically resist lawful commands under authority of the Office of the Panola County Sheriff, or to verbally and physically assault sworn deputies of acting under the authority of the Office of the Panola County Sheriff. Plaintiffs were merely bystanders to the subsequent confrontation that took place in the Town of Como Police Department. Neither has standing in this case. Clearly, necessary and indispensable parties are omitted from the Complaint of these Plaintiffs. Moreover, the actions of the Panola County Sheriff and Panola County Deputy

Sheriffs acting pursuant to the authority of the Office of the Panola County Sheriff were at all times consistent with clearly established law.  Defendants respectfully pray for a Reply pursuant to Rule 7, *Fed. R. Civ. Proc.*

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants further give notice that they will seek consolidation of the instant case with CIVIL ACTION NO.: 3:13-CV314-MPM-SAA, also pending before this Court as provided by Fed. R. Civ. Proc. 42.

**AND, NOW,** having asserted their affirmative defenses to the Complaint filed herein, and without waiving any such defenses, these Defendants answer the allegations of Plaintiffs' Complaint as follows:

1. The allegations of Paragraph 1 of Plaintiffs' Complaint are admitted.

2. The allegations of Paragraph 2 of Plaintiffs' Complaint are admitted.

3. The allegations of Paragraph 3 of Plaintiffs' Complaint are admitted.

4. The allegations of Paragraph 4 of Plaintiffs' Complaint require no answer at this time and are denied.

5. The Complaint presents a question of federal law.  Venue is proper in the Northern District of Mississippi.  The remaining allegations of Paragraph 5 of Plaintiffs' Complaint are denied.

6. The allegations of Paragraph 6 of Plaintiffs' Complaint are denied.

7. The allegations of Paragraph 7 of Plaintiffs' Complaint are denied.

8. The allegations of Paragraph 8 of Plaintiffs' Complaint are denied.

9. The allegations of Paragraph 9 of Plaintiffs' Complaint are denied.

10. The allegations of Paragraph 10 of Plaintiffs' Complaint are denied.

11. The allegations of Paragraph 11 of Plaintiffs' Complaint are denied.

12. The allegations of Paragraph 12 of Plaintiffs' Complaint are denied.

13. The allegations of Paragraph 13 of Plaintiffs' Complaint are denied.

14. The allegations of Paragraph 14 of Plaintiffs' Complaint are denied.

15. The allegations of Paragraph 15 of Plaintiffs' Complaint are denied.

16. The allegations of Paragraph 16 of Plaintiffs' Complaint are denied.

17. The allegations of Paragraph 17 of Plaintiffs' Complaint are denied.

18. The allegations of Paragraph 18 of Plaintiffs' Complaint are denied.

19. The allegations of Paragraph 19 of Plaintiffs' Complaint are denied.

20. The allegations of Paragraph 20 of Plaintiffs' Complaint are denied.

21. The allegations of Paragraph 21 of Plaintiffs' Complaint are denied.

22. The allegations of Paragraph 22 of Plaintiffs' Complaint are denied.

23. The allegations of Paragraph 23 of Plaintiffs' Complaint are denied.

24. The allegations of Paragraph 24 of Plaintiffs' Complaint are denied.

25. The allegations of Paragraph 25 of Plaintiffs' Complaint are denied.

26. The allegations of Paragraph 26 of Plaintiffs' Complaint are denied.

27. The allegations of Paragraph 27 of Plaintiffs' Complaint are denied.

28. The allegations of Paragraph 28 of Plaintiffs' Complaint are denied.

**WHEREFORE,** Defendants deny that Plaintiffs are entitled to judgment, deny that Plaintiffs are entitled to a trial by jury, deny that Plaintiffs are entitled to any relief at all, and respectfully pray for dismissal with prejudice on all claims and recovery of their reasonable and necessary prevailing

party attorney fees.

    **RESPECTFULLY SUBMITTED** this the 4th day of December, 2014.

              **GRIFFITH & CARR**

            By: */s/ Daniel J. Griffith*
              Daniel J. Griffith, MS Bar No. 8366
              Attorney for Defendants, Panola County, Mississippi, by and through its Board of Supervisors; and Panola County Sheriff, Dennis Darby, in his individual capacity

Of Counsel:

**GRIFFITH & CARR**
123 South Court Street
P. O. Drawer 1680
Cleveland, MS 38732
Phone No. 662-843-6100
Fax No. 662-843-8153
danny@griffithlaw.net

## CERTIFICATE OF SERVICE

  I, Daniel J. Griffith, attorney of record for Defendants, hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered VIA ECF FILING to the following Counsel of Record:

         Edward Blackmon, Jr., Esq.
         Bradford J. Blackmon, Esq.
         BLACKMON & BLACKMON
         edblackmon@blackmonlawfirm.com
         bjblackmon@blackmonlawfirm.com
         **Attorneys for Plaintiffs**

  **DATED** this 4th day of December, 2014.

             */s/ Daniel J. Griffith*
             Daniel J. Griffith